UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ADAM ELLERY HORWITZ, I | § | |
| | § | |
| v. | § | CIVIL NO. 4:26-CV-220-SDJ |
| | § | |
| CITY OF DENTON, ET AL | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is pro se Plaintiff Adam Ellery Horwitz, I's Notice of Objections, (Dkt. #78), and Motion for Leave to Amend Objection Due to Clerical Error, (Dkt. #79), (jointly, the "Objections") under Federal Rule of Civil Procedure 72(a). Plaintiff objects to the Magistrate Judge's denial, (Dkt. #74), of Plaintiff's motion to extend deadline to respond to pending motions to dismiss and to file a second amended complaint, (Dkt. #66). Upon review of the Objections, the record, and applicable law, the court finds Plaintiff's Motion for Leave to Amend Objections Due to Clerical Error, (Dkt. #79), is granted in so far as the Court will consider the Objections presented within the motion, (Dkt. #79-1). However, the Court overrules the objections contained in the motion, (Dkt. #79-1) and affirms the Magistrate Judge's ruling.

**I.**

This matter was referred to the Magistrate Judge for all pretrial matters pursuant to 28 U.S.C. § 636 and local rule CV-72. Under Section 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a party may make specific objections to any non-dispositive order within 14 days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly

erroneous or is contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous and contrary to law."). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 946 (1948). "Fundamentally, review under Rule 72(a) is highly deferential." *Quantlab Grp., LP v. Dempster*, No. CV H-18-2171, 2019 WL 7037653, at *2 (S.D. Tex. Dec. 20, 2019) (cleaned up).

**II.**

Plaintiff timely filed Objections, (Dkt. #78, #79-1) to the Magistrate Judge's order, (Dkt. #74), denying leave to extend Plaintiff's deadline to respond to pending motions to dismiss and to file a second amended complaint. The Court has the duty to liberally construe the filings of pro se litigants; however, beyond that, a pro se litigant "acquires no greater rights than a litigant represented by a lawyer." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Plaintiff's 72(a) objections were originally filed as a notice on the docket sheet. (Dkt. #78). Out of an abundance of caution and seeking to cure any confusion, the same day the notice was filed, Plaintiff filed a motion for leave to amend the objections so that the docket sheet reflected the objections were not a notice, but rather proper objections. (Dkt. #79). The objections contained in docket number 78 are identical to those contained in Exhibit 1 of Plaintiff's Motion for Leave to Amend Objection Due to Clerical Error, (Dkt. #79-1).

Therefore, the Court grants Plaintiff's request to file the First Amended Objections. The Objections contained within docket number 79-1 are deemed timely filed.

That said, Plaintiff's objections exceed the five-page limit imposed by Local Rule CV-72. *See* (Dkt. #79-1). Therefore, the Court will only consider the objections contained within the first five pages.

Plaintiff makes the following objections: (1) "The Order misstates the circumstances and argument for good cause", (Dkt. #79-1 at 3–4); (2) "The Order misstates the attached medical documentation", (Dkt. #79-1 at 4–5); and (3) "The Order applies a rigid standard of review that misstates the nature of the circumstances and relief sought and ignores the liberal interpretation standard required for pro se litigants", (Dkt. 79-1 at 5). Upon review of Plaintiff's Objections, the Court finds they are meritless.

On August 28, 2026, Plaintiff filed a motion for extension of deadline to respond to the motions to dismiss and file a first amended complaint, (Dkt. #39), which the court granted. (Dkt. #50). Plaintiff then timely filed a first amended complaint. (Dkt. #58). A new motion to dismiss followed. (Dkt. #62).

On October 23, 2026, Plaintiff filed the present motion to extend deadlines, which contained identical reasons and exhibits for an extension of deadlines as the August 28 motion. (Dkt. #66). The Magistrate Judge recognized as much in denying the motion. (Dkt. #74 at 1) ("Horwitz does not identify any new event or circumstance that establishes good cause to grant an extension."). The hospitalizations referenced in the underlying motion, (Dkt. #66), occurred nearly two months prior to Plaintiff's

October 23 motion, and Plaintiff presents no new circumstances showing good cause exists to extend the current deadlines.

Plaintiff asserts Exhibits 1 and 2, (Dkt. #66-1, #66-2), which show doctors' notes from 2025, are examples of Plaintiff's ongoing and extensive medical issues, not proof of Plaintiff's August 2026 hospitalizations. (Dkt. #79-1 at 4). To the extent the Magistrate Judge may have misunderstood Plaintiff's attached medical documents and Plaintiff's reasons for producing them, the Court finds it harmless. The attached exhibits were the same as those from the earlier August 28 motion. The Magistrate Judge's holding is based on Plaintiff's failure to present any new circumstances or evidence showing why good cause exists to extend the deadlines.

The Court further finds the Magistrate Judge applied the proper standard of review within the order. While courts are instructed to liberally construe a pro se litigant's filings, the courts are not to grant special favor or additional rights to such litigants. *Birl*, 660 F.2d at 593.

The Court finds no error in the Magistrate Judge's order.

* * *

It is therefore **ORDERED** that Plaintiff's Motion for Leave to Amend Objections Due to Clerical Error, (Dkt. #79), is **GRANTED** to the extent the objections contained in Docket 79-1 are considered timely filed.

It is further **ORDERED** that Plaintiff's objections, (Dkt. #79-1), to the Magistrate Judge's order, (Dkt. #74), are **OVERRULED**.

**So ORDERED and SIGNED this 9th day of November, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE